UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COATS,<br><br>            Plaintiff,<br><br>     v.<br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC,<br><br>            Defendant. | No. 2:14-cv-0111-GEB-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Robert Coats, who proceeds in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1]

Plaintiff's declaration in support of his application to proceed in forma pauperis states that he earns wages of $1,936.00 per month at a business named Kings Kleening, as well as $2,300 per month from Raleys, which is a gross monthly income of $4,236.00 and translates to a gross income of approximately $50,832.00 per year. (ECF No. 2.) Plaintiff further indicates that he has $2,000 in bank accounts; that he owns a Ford Explorer worth $5,000 and a Chevrolet van worth $2,000; and that he supports his wife, son, and niece as dependents. (Id.)

According to the United States Department of Health and Human Services, the 2014 poverty guideline for a person with a household of 4 persons not residing in Alaska or Hawaii is

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

$23,850.00.  See http://aspe.hhs.gov/poverty/14poverty.cfm.  Thus, with an annual income of approximately $50,832.00, plaintiff's income is more than 200% of the 2014 poverty guideline.

Presently, a filing fee of $400 is required to commence a civil action in this court.  The court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor.  28 U.S.C. § 1915(a)(1).  Here, although the court is sympathetic to the fact that plaintiff may not make large amounts of money, plaintiff has not demonstrated that he qualifies as indigent for purposes of the statute.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

Ordinarily, the court would direct plaintiff to pay the filing fee in order for the case to proceed.  However, the court also concludes, for the reasons discussed below, that it lacks federal subject matter jurisdiction over the action.  As such, paying the filing fee would be futile and a waste of plaintiff's resources.   Instead, the court recommends that the action be dismissed, but without prejudice to plaintiff re-filing the action in state court.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011).  A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

In this case, there is no federal question jurisdiction, because plaintiff's sole claim is defendant's alleged violation of the California Consumer Reporting Agencies Act, a state law claim.  Furthermore, although the parties appear to be diverse (plaintiff is alleged to be a resident

of South Lake Tahoe, California, and defendant is alleged to be a limited liability company based in Chicago, Illinois), the complaint expressly states that plaintiff is seeking statutory damages of $2,500.00 and that the amount demanded does not exceed $10,000.00.  (See ECF No. 1.)  Thus, the court also does not have diversity of citizenship jurisdiction over the action.

In sum, because the court lacks federal subject matter jurisdiction, the court recommends that the action be dismissed on that basis.  However, such dismissal should be without prejudice, allowing plaintiff to pursue his claim in state court if he so desires.  In recommending dismissal of the action without prejudice, the court expresses no opinion regarding the merits of plaintiff's claim.

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) be DENIED.
2. The action be DISMISSED WITHOUT PREJUDICE for lack of federal subject matter jurisdiction.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  February 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE